# In the United States Court of Federal Claims

No. 11-613C

(Filed: September 30, 2013)

```
*************************************   *
                                        *
FEDERAL AIR MARSHALL (FAM) 5001,        *
et al.,                                 *
                                        *
                 Plaintiffs,            *
                                        *
  v.                                    *
                                        *
THE UNITED STATES,                      *
                                        *
                 Defendant.             *
                                        *
*************************************   *
```

## ORDER

     On August 1, 2013, counsel for the Government filed a motion requesting that the Court lift the stay of proceedings to allow counsel for the Government to file a motion to transfer this case to the United States District Court for the Eastern District of Virginia. On September 17, 2013, this Court lifted the stay to consider the Government's motion to transfer.  Having been fully briefed, the Government's motion to transfer is ready for decision.

     The facts of this case that bear on the determination of this motion are identical to those of King v. United States, No. 12-175C (Fed. Cl. Aug. 30, 2013) and Frost v. United States, No. 13-50C (Fed. Cl. Sep. 10, 2013).  As in King and Frost, Plaintiffs invoke the jurisdiction of this Court over a claim against the Government for the payment of overtime compensation pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. (2012).  Here, as in King and Frost, the Government has argued that the jurisdiction of this Court over such a claim is precluded by United States v. Bormes, 133 S. Ct. 12 (2012).

     As this Court explained in its September 10, 2013 order denying the motion to transfer in Frost, the Court agrees with the recent holding in King that Bormes does not prevent the Court from exercising jurisdiction over claims brought against the Government pursuant to the FLSA because the terms of the FLSA (1) contain a waiver of

sovereign immunity independent of the Tucker Act and (2) provide for jurisdiction in this Court.  <u>King</u>, slip op. at 6, 8.

Accordingly, the motion to transfer is DENIED.

IT IS SO ORDERED.

<u>s/ Thomas C. Wheeler</u>
THOMAS C. WHEELER
Judge